WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Health Foundation-Sage Memorial Hospital Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Razaghi Development Company LLC, et al.,<br><br>Defendants. | No. CV-23-08072-PCT-DJH (DMF)<br><br>**ORDER** |

This matter was recently transferred to this Court from the United States District Court of Nevada (the "Nevada Court"). (Doc. 284). Plaintiff/ Counter Defendant Navajo Health Foundation-Sage Memorial Hospital Incorporated ("Sage Memorial") has filed a Motion for Reconsideration (Doc. 305)[1] ("Motion") under Federal Rule of Civil Procedure 60 regarding the Nevada Court's March 30, 2022, Order (the "March 2022 Order") (Doc. 178) and January 30, 2023, Order (the "January 2023 Order") (Doc. 232) (collectively the "Prior Orders"). The Court must determine whether the Nevada Court committed clear error or mistake when dismissing Sage Memorial's breach of contract claims. The Court will deny Sage Memorial's Motion because Sage Memorial failed to timely raise its arguments in its prior briefs and cannot do so for the first time on a motion for reconsideration.

///

---

[1] The matter is fully briefed. Defendant/ Counterclaimant/ Third-Party Plaintiff Razaghi Development Company, LLC, filed a Response (Doc. 311) and Sage Memorial filed a Reply (Doc. 314).

I.  **Background**

Sage Memorial is an Arizona non-profit corporation that operates a hospital serving the Navajo Indian population. (Doc. 192 at ¶ 4). Sage Memorial executed service contracts with Defendant/ Counterclaimant/ Third-Party Plaintiff Razaghi Development Company, LLC ("RDC") for RDC to develop Sage Memorial. Sage Memorial filed various amended complaints against RDC alleging *inter alia* racketeering, fraud, and breach of contract.[2] Below is an overview of the relevant procedural history that underpins Sage Memorial's Motion.

A.  **Sage Memorial's SAC (Doc. 144); RDC's First MTD (Doc. 147); and the March 2022 Order (Doc. 178)**

Sage Memorial filed its Second Amended Complaint ("SAC") (Doc. 144) alleging sixteen counts against RDC. RDC filed a Motion to Dismiss the SAC (Doc. 147) (the "First MTD") under Rule 12(b)(6)[3], which the Nevada Court granted in part and denied in part in the March 2022 Order. Relevant to Sage Memorial's Motion for Reconsideration is Count Eleven of the SAC. (Doc. 144 at ¶¶ 257–65). Therein, Sage Memorial alleged RDC breached the service contracts when it billed Sage Memorial in excess of the agreed upon base compensation rate. (*Id.*) The Nevada Court held Count Eleven of the SAC was time-barred under A.R.S. § 12-548, which provides a six-year statute of limitation for breach of contract claims under Arizona law, and dismissed the claim with prejudice and without leave to amend. (Doc. 178 at 22–23 citing A.R.S. § 12-548).

B.  **Sage Memorial's TAC (Doc. 192); RDC's Second MTD (Doc. 201); and the January 2023 Order (Doc. 232)**

Sage Memorial filed its Third Amended Complaint ("TAC") (Doc. 192) alleging twelve counts against RDC. RDC filed a Motion to Dismiss the TAC (Doc. 201) (the

---

[2] Sage Memorial filed a Complaint (Doc. 1), Second Amended Complaint (Doc. 144), and Third Amended Complaint (Doc. 192).

[3] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

- 2 -

"Second MTD") under Rule 12(b)(6), which the Nevada Court granted in part and denied in part in the January 2023 Order. Relevant to Sage Memorial's Motion for Reconsideration is Count Eight, Nine, and Ten of the TAC:

- In Count Eight, Sage Memorial alleged RDC breached the service contracts when it billed Sage Memorial a termination fee that included non-allowed expenses. (Doc. 192 at ¶¶ 236–243). The Nevada Court dismissed Count Eight with prejudice and without leave to amend because Sage Memorial failed to defend its claim in its responding points and authorities, and Sage Memorial did not identify which terms of the service contract excluded the alleged non-allowed expense. (Doc. 232 at 7).

- In Count Nine, Sage Memorial reasserted its allegations in Count Eleven of the SAC that RDC breached the service contracts when it billed Sage Memorial more than the agreed upon base compensation rate. (*Compare* Doc. 192 at ¶¶ 244–252 *with* Doc. 144 at ¶¶ 257–65). The Nevada Court dismissed Count Nine with prejudice and without leave to amend on the same basis it dismissed Count Eleven of the SAC—that is, the claim was time-barred under A.R.S. § 12-548. (*Compare* Doc. 232 at 8 *with* Doc. 178 at 22–23).

- In Count Ten, Sage Memorial alleged RDC breached the covenant of good faith and fair dealing. (Doc. 192 at ¶¶ 253–258). The Nevada Court allowed Count Ten to proceed. (Doc. 232 at 7–8).

**C.     Sage Memorial's Present Motion for Reconsideration (Doc. 305)**

On February 28, 2023, Sage Memorial filed its initial motion for reconsideration (Doc. 253) and requested the Nevada Court reconsider its dismissal of Count Eleven of the SAC and Counts Eight and Nine of the TAC. (Doc. 253). Sage Memorial had filed its initial motion in accordance with the Nevada Local Rules of Civil Procedure. Upon transfer of the case to the District of Arizona, this Court directed Sage Memorial to refile its motion to comply with the Arizona Local Rules of Civil Procedure. (Doc. 301). Sage Memorial did so. (Doc. 305).

**II.     Legal Standards**

**A.     Motions for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. *Carroll*

- 3 -

*v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Indeed, Arizona Local Rule of Civil Procedure 7.2 provides "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id.* This is because "[m]otions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Whether to grant a motion for reconsideration is left to the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). In this district, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Blankinship v. Union Pac. R.R. Co.*, 2022 WL 16715467, at *4–5 (D. Ariz. Nov. 4, 2022) (quoting *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003)). Such motions should not be used for the purpose of asking a court "to rethink

- 4 -

what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

### B.    Relief from Judgment

Rule 60(a) provides that a court may, on motion or *sua sponte*, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(b) further provides the bases for which a party can seek relief from a final judgment of the court. Fed. R. Civ. P. 60(b). Specifically, Rule 60(b)(1) permits the court to relieve a party "from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b)(1) is not limited to mistake or inadvertence by a party; it may be applied where the mistake was made by the court. *Kingvision Pay—Per—View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

There must be a showing of "clear error" to amend a judgment from either mistake or inadvertence. *Blankinship*, 2022 WL 16715467, at *5 (*citing McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). The "clear error" must be definite such that the court is left with a "firm conviction that a mistake has been committed." *Id*. (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). The movant must show "wholesale disregard, misapplication, or failure to recognize" controlling law. *Wassef v. JPMorgan Chase Bank, N.A.*, 2013 WL 2896853, at *2 (D. Ariz. June 13, 2013) (quoting *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 218, 220 (D. Ariz. 2012)).

### III.    Discussion

Sage Memorial seeks reconsideration of the Prior Orders' dismissal of Count Eleven of the SAC and Counts Eight and Nine of the TAC on the basis of mistake and clear error under Rules 60(b)(1) and 60(a). (*See* Doc. 305 at 4–5). As a matter of procedure, RDC

- 5 -

contends Sage Memorial's Motion is defective because Sage Memorial failed to make any of its arguments when responding to RDC's First and Second MTDs and is therefore precluded from submitting those arguments for the first time in a motion for reconsideration.[4] (Doc. 311 at 4–8). RDC argues that by failing to respond during the appropriate opportunities, Sage Memorial effectively "consented to dismissal of its breach of contract claims, and inexplicably waived such claims and arguments now asserted." (Doc. 311 at 2). In terms of substance, RDC further maintains Sage Memorial's statute of limitation, discovery rule, and materiality arguments fail on the merits. (Doc. 311 at 8–18). Sage Memorial disagrees and represents its arguments were before the Nevada Court when it issued the Prior Orders. (Doc. 314 at 4–5).

The Court will address each dismissed claim in turn.

### A. There is no Evidence of Clear Error or Mistake When the Nevada Court Dismissed Count Eleven of the SAC / Count Nine of the TAC

Sage Memorial first argues the Nevada Court erred in its Prior Orders when it dismissed Count Eleven of the SAC and Count Nine of the TAC as time-barred with prejudice. (Doc. 305 at 5–8). Sage Memorial contends the Nevada Court incorrectly found that the entire claim was outside the scope of A.R.S. § 12-548 and failed to apply Arizona's "discovery rule," which tolls a statute of limitations if a defendant fraudulently concealed

---

[4] RDC also argues that Sage Memorial's Motion is untimely because it was not initially filed within fourteen days or otherwise a reasonable time after the Prior Orders. (Doc. 311 at 18). Rule 60(c) requires a Rule 60(b)(1) motion to be brought "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Similarly, the Nevada Local Rule of Civil Procedure 59-1 provides that "[m]otions for reconsideration must be brought within a reasonable time" and "[l]ack of diligence or timeliness may result in denial of the motion." D. Nev. R. 59-1.

Sage Memorial filed its initial motion for reconsideration eleven months after the March 2022 Order and a month after the January 2023 Order. (*See* Doc. 253). The Court finds this is a reasonable time as it complies with Rule 60(c)'s requirement that it be brought within a year of the Prior Orders. *See* Fed. R. Civ. P. 60(c). Although the Arizona Local Rules of Civil Procedure generally requires a motion for reconsideration to be filed fourteen days after the order at issue in the motion, *see* LRCiv 7.2(g)(1), the Court finds good cause to excuse any delay given Sage Memorial's initial motion was filed under the Nevada Local Rules of Civil Procedure—which does not impose any specific time frame other than a "reasonable time." D. Nev. R. 59-1.

facts that would give rise to the cause of action. (*Id*. at 6–7). The Court agrees with RDC that Sage Memorial failed to make any of these arguments when defending against RDC's First and Second MTDs and is precluded from doing so for the first time on reconsideration.

### 1. The Nevada Court Did Not Err When Dismissing Count Eleven of the SAC in the March 2022 Order (Doc. 178)

In its First MTD, RDC argued that "Sage [Memorial] first alleged [its] breach of contract claim on May 28, 2021, thus any charge incurred prior to May 28, 2015 is time-barred" by the six year statute of limitations under A.R.S. § 12-548. (Doc. 147 at 33). The extent of Sage Memorial's arguments in its response brief regarding Count Eleven of the SAC was as follows:

> I. THE DEFEDANTS' CHALLENGE TO THE TENTH AND ELEVENTH CAUSES OF ACTION ALLEGING BREACH OF CONTRACT MUST FAIL
>
> Defendants' principal argument in opposition to Sage Memorial's breach of contract claims is that the SAC "plays fast and loose with these facts, [and that] a review of the applicable contracts and associated incorporated documents demonstrate that no breach of contract has occurred." ECF No. 147, p. 33 (lines 19–21). This is not so much an argument as much as simply an opinion. Once again, Defendants demonstrate they fail to appreciate the limited review under a FRCP 12(b)(6) motion. The only issue at this juncture for this Court to decide is whether Plaintiff has satisfied the FRCP 8 pleading requirements.
>
> Sage Memorial has properly plead the elements of breach of contract and has provided Defendants with a short and plain statement setting forth its claim. Defendants have been placed upon proper notice. Defendants' reliance upon unauthenticated documents to challenge Plaintiff's breach of contract claims must also be rejected. See *Canada v. Blaine's Helicopters, Inc.*, 831 F.2nd 921,925 (9th Cir. 1987) (unauthenticated documents cannot be used to decide factual issues). When allowed to present its evidence, Sage Memorial will prove the Defendants' breached their contract and prove that Sage Memorial is entitled to substantial damages.

(Doc. 164 at 27)(citations in original).

It is apparent that Sage Memorial's arguments were limited to its abidance with

- 7 -

Rule 8 standards. Sage Memorial could have defended against RDC's statute of limitation argument in its response, but neglected to do so. Likewise, Sage Memorial could have raised the Arizona discovery rule in the context of Count Eleven of the SAC, but neglected to do so.[5] (*Id.*) Nor does Sage Memorial point to any reason why these arguments were not presented earlier. *See* LRCiv 7.2(g)(1). Absent special circumstances, Sage Memorial cannot raise arguments for the first time in its Motion for Reconsideration. *See Kona Enterprises, Inc*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Indeed, "[m]otions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs." *Wassef*, 2013 WL 2896853, at *1 (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc*., 841 F.2d 918, 925–26 (9th Cir.1988)).

Furthermore, in finding Count Eleven of the SAC as time-barred, the Nevada Court cited to A.R.S. § 12-548 and relevant Arizona case law to explain the applicable statute of limitations is six years. (Doc. 178 citing *Cornelis v. B&J Smith Assocs. LLC*, 2014 WL 1828891 (D. Ariz. May 8, 2014)). The Nevada Court accordingly held that "[b]ecause [Sage Memorial] filed this claim approximately eight years after the alleged breach, Plaintiff's eleventh claim is time-barred and thus, dismissed with prejudice." (*Id.*) Thus, there is no evidence in the March Order of a "wholesale disregard, misapplication, or failure to recognize" controlling law. *Wassef v. JPMorgan Chase Bank, N.A.*, 2013 WL 2896853, at *2 (D. Ariz. June 13, 2013) (quoting *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 218, 220 (D. Ariz. 2012)). The

---

[5] The Court notes that Sage Memorial cites to its defense of Count Twelve of the SAC—which is a claim for breach of the covenant of good faith and fair dealing—to argue it sufficiently raised the discovery rule in its response brief as to Count Eleven of the SAC. (Doc. 314 at 5 citing Doc. 164 at 28: 7–9 ("As for the statute of limitations argument [regarding Count Twelve of the SAC], that too is without merit. [Sage Memorial] initiated this action within two years of October 31, 2018 when it first discovered [RDC's] breach.")). However, the Court is not convinced that a two-sentence argument that Sage Memorial made in connection with Count Twelve of the SAC should apply with equal force to defend Count Eleven of the SAC. Indeed, that two-sentence argument regarded a different Arizona statute setting forth a different statute of limitation, and was unsupported by any legal authority. This far-fetched attempt cannot satisfy the high standards for reconsideration under Rule 60. To be sure, this point works against Sage Memorial because it serves as further support that Sage Memorial could have and should have asserted the discovery rule to defend its Count Eleven of the SAC, but did not.

Court will not rethink what the Nevada Court has already thought through. *See Defenders of Wildlife*, 909 F. Supp. at 1351.

### 2. The Nevada Court Did Not Err When Dismissing Count Nine of the TAC in the March Order (Doc. 178)

Despite the March 2022 Order, Sage Memorial realleged Count Eleven of the SAC as Count Nine of the TAC with different dates in an attempt to remedy the statute of limitations issue. (*Compare* Doc. 144 at ¶ 262 ("Beginning on or about May 20, 2013") *with* Doc. 192 at 128 ("Beginning on or about May 2015")). It did so without permission from the Nevada Court. RDC thus argued its Second MTD that Count Nine of the TAC should be stricken because Sage Memorial failed to comply with the March 2022's Order dismissing the claim with prejudice, and Sage Memorial did not seek leave to amend the claim under Rule 15. (Doc. 201 at 7). RDC further maintained the claim was subject to dismissal because Sage Memorial "cannot [] simply pick a new date within the sequence of the contract in order to avoid dismissal based upon the statute of limitations." (*Id*. at 7–8). In the January 2023 Order, the Nevada Court agreed with RDC in part and dismissed Count Nine of the TAC due to Sage Memorial's failure to seek leave to amend the claim. (Doc. 232 at 8).

Now, in its Motion for Reconsideration, Sage Memorial avers it realleged Count Eleven of the SAC as Count Nine of the TAC because it did not "realiz[e] that the Nevada Court had intended to dismiss the whole claim as time-barred when all parties contended it could only apply to a portion of the claim[.]" (Doc. 305 at 3). It cites to *Builders Supply Corp. v. Marshall* for the proposition that its breach of contract claims "could be brought within six years after each fraudulent payment under Arizona law." (*Id*. at 6 n.3 citing 352 P.2d 982, 986–987 (Ariz. 1960)). It also cites to *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am*. for the proposition that breach of contract claims are subject to the discovery rule under Arizona law. (*Id*. at 7 citing 898 P.2d 964, 968 (Ariz. 1995)). Sage Memorial further reasons that because the Nevada Court allowed Count Ten of the TAC to proceed—and that claim is based on the same set of facts as

- 9 -

Count Nine—the Nevada Court mistakenly dismissed Count Nine of the TAC. (*Id*. at 7).

But again, Sage Memorial neglected to make any of these arguments in its response brief to the Second MTD. (*See generally* Doc. 207). In fact, Sage Memorial did not mention its breach of contract claims at all in its response brief. (*Id*.) Nor does Sage Memorial explain why its arguments were not presented in its earlier briefs, and it certainly could have based on the existing authorities it cited. *See* LRCiv. 7.2(g)(1). The Court will not entertain new arguments brought on a motion for reconsideration. *Kona Enterprises, Inc*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Furthermore, Sage Memorial does not point to any evidence demonstrating the Nevada Court erred. The January 2023 Order dismissed Count Nine of the TAC under Rule 15, which permits a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. Indeed, Sage Memorial did not seek leave to amend its breach of contract claim after the Nevada Court dismissed it from the SAC. Therefore, Sage Memorial has not met its burden of showing a "firm conviction that a mistake has been committed" in the January 202 Order. *Blankinship*, 2022 WL 16715467, at *5.

In sum, Sage Memorial neglected two opportunities to raise arguments regarding Count Eleven of the SAC and Count Nine of the TAC in its prior responses to RDC's First and Second MTDs. Regardless, the Nevada Court considered the statute of limitation issue in its Prior Orders. There is no evidence of mistake or clear error when the Nevada Court dismissed Count Eleven of the SAC due to it being time-barred or when it dismissed Count Nine of the TAC due to Sage Memorial's failure to obtain leave. This Court will not disturb the Nevada Court's rulings.

**B.    There is no Evidence of Clear Error or Mistake When the Nevada Court Dismissed Count Eight of the TAC in the January 2023 Order (Doc. 232)**

Sage Memorial last argues the Nevada Court erred in the January 2023 Order when it dismissed Count Eight of the TAC with prejudice. In the Second MTD, RDC argued that Sage Memorial's Count Eight of the TAC failed to cite to any provisions of the service

1 contracts to demonstrate a material breach. (Doc. 201 at 8–9). Specifically, RDC maintained Sage Memorial did not provide support for its position that certain reimbursements and expenses that RDC included in its termination fee should have been excluded under terms of the service contracts. (*Id.* at 9). The Nevada Court dismissed Count Eight of the TAC under Nevada Local Rule of Civil Procedure 7-2(d)[6] due to Sage Memorial's failure to address RDC's arguments in its response brief. (Doc. 232 at 7). The Nevada Court further agreed with RDC that Sage Memorial "[did] not identify which terms of the Management Services Contract exclude any specific types of charges." (*Id.*)

Now, in its Motion for Reconsideration, Sage Memorial argues the Nevada Court mistakenly dismissed Count Eight of the TAC due to lack of material breach because a materiality is not a *prima facie* requirement for a breach of contract claim under Arizona law. (Doc. 305 at 8–10). Sage Memorial maintains that "even a minor breach—which Sage Memorial sufficiently alleged—can support a claim." (*Id.* at 8). Sage Memorial specifically notes the TAC's citation to paragraph 5 of the service contract, which allegedly established that RDC's termination fee is to be calculated based on "the average amount paid to [RDC] by [Sage Memorial] each year during the most recent years of service." (*Id.* at 9 quoting Doc. 192 at ¶ 238). In Sage Memorial's view, this allegation was sufficient to show RDC breached the service contract when it included non-allowed expenses in the termination fee. (*Id.*)

But again, Sage Memorial neglected to make these arguments regarding materiality in its response brief to the Second MTD and cannot do so for the first time in its Motion for Reconsideration. *See Kona Enterprises, Inc*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Moreover, Sage Memorial's position that the Nevada Court

---

[6] Nevada Local Rule of Civil Procedure 7-2 provides the following:

> The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

D. Nev. R. 7-2(d).

- 11 -

dismissed Count Eight of the TAC because "it fail[ed] to demonstrate a material breach of the agreement" is a misrepresentation of the January 2023 Order. (*See* Doc. 305 at 8 quoting Doc. 232 at 7). Sage Memorial produces this sentence out of context. Rather, the Nevada Court stated as much when explaining *RDC's* argument, not its own ruling. (*See* Doc. 232 at 7) ("*Defendants argue* that Plaintiff's amended claim for Breach of Contract relating to the Termination Payment against Razaghi Healthcare is subject to dismissal under Rule 12(b)(6) because it fails to demonstrate a material breach of the agreement." (emphasis added)). When reciting the *prima facie* elements for breach of contract under Arizona law, the Nevada Court accurately stated that a plaintiff must show "an enforceable contract exists, that it was breached, and that the plaintiff suffered damages." (*Id*. citing *Williams v. Alhambra Sch. Dist. No. 68*, 234 F. Supp. 3d 971, 984 (D. Ariz. 2017) and *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975)). Although the Nevada Court framed the issue as "whether the TAC alleges material breach" (Doc. 232 at 7), the Nevada Court did not go so far as to distinguish a minor breach from a material breach or engage in any materiality analysis.[7] Thus, Sage Memorial has not met its burden of showing the Nevada Court engaged in "wholesale disregard, misapplication, or failure to recognize" controlling law. *Wassef v. JPMorgan Chase Bank, N.A.*, 2013 WL 2896853, at *2 (D. Ariz. June 13, 2013) (quoting *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 218, 220 (D. Ariz. 2012)).

Upon closer review of the January 2023 Order, the Court finds the Nevada Court

---

[7] For example, "[u]nder Arizona law, a material breach occurs when (1) a party fails to perform a substantial part of the contract or one or more of its essential terms or conditions or (2) fails to do something required by the contract which is so important that the breach defeats the very purpose of the contract." *Dialog4 System Engineering GmbH v. Circuit Research Labs, Inc.*, 622 F.Supp.2d 814, 822 (D. Ariz. 2009) (citing *Found. Dev. Corp. v. Loehmann's, Inc.*, 788 P.2d 1189 (Ariz. 1990) (en banc)). To determine whether a breach is material, "the court or jury should consider the nature of the promised performance, the purpose of the contract, and the extent to which any deficiencies in performance have defeated that purpose." *Dylan Consulting Servs. LLC v. SingleCare Servs. LLC*, 2018 WL 1510440, at *2 (D. Ariz. Mar. 27, 2018) (quoting *Dialog4 System Engineering GmbH*, 622 F.Supp.2d at 822).

The Nevada Court did not engage in any such analysis when dismissing Count Eight of the TAC and rather relied on procedural deficiencies under Nevada Local Rule 7-2(d) and Rule 12(b)(6). (*See* Doc. 232 at 7).

articulated sufficient bases for dismissing Count Eight of the TAC. First, the Nevada Court's invocation of Nevada Local Rule 7-2(d) was justified because Sage Memorial did not address its breach of contract claims at all in its response brief and failed to respond to RDC's arguments. (Doc. 232 at 7); (*See generally* Doc. 207). There is no evidence that the Nevada Court erred when it noted Sage Memorial's inaction and dismissed Count Eight of the TAC under Nevada Local Rule of Civil Procedure 7-2(d). Second, the Nevada Court's representation of the TAC's inadequate allegations is accurate. Although the TAC cited to a service contract provision that provided for RDC's termination fee calculation, the Nevada Court criticized that the "TAC [did] not identify which terms of the Management Services Contract exclude any specific type of charges" that would trigger a breach. (Doc. 232 at 7).

In short, there is no evidence of mistake or clear error when the Nevada Court dismissed Count Eight of the TAC due to Sage Memorial's failure to defend in its response brief and, alternatively, inadequate pleading in the TAC. The Court will not disturb the January 2023 Order.

**IV.   Conclusion**

Sage Memorial has not identified any circumstance that would merit reconsideration of the Prior Orders: it has not demonstrated that there are material differences in fact or law from that presented to the Nevada Court and, at the time of the Prior Orders, Sage Memorial could not have known of the factual or legal differences through reasonable diligence; it has not demonstrated that there are new material facts that occurred after the Prior Orders; it has not demonstrated that there has been a change in the law that was decided or enacted after the Prior Orders; and it has not demonstrated that the Nevada Court failed to consider material facts that were presented before the Prior Orders. *See Blankinship*, 2022 WL 16715467, at *4–5. The facts and supporting authorities that Sage Memorial relies on in its Motion for Reconsideration existed at the time of the Prior Orders. Nor has Sage Memorial pinpointed any clear error or mistake in the Prior Orders. Rather, it is Sage Memorial that erred in failing to make timely arguments despite having two

1  opportunities to respond to RDC's First and Second MTDs.  For these reasons, the Court
2  need not reach the merits of Sage Memorial's arguments in its Motion.  Sage Memorial
3  merely asks the Court to "to rethink what the [Nevada Court] had already thought
4  through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351.  The Court
5  rejects this request, as Sage Memorial's mere disagreement with a previous order is an
6  insufficient basis for reconsideration. *See Leong*, 689 F. Supp. at 1573.

   Accordingly,

   **IT IS ORDERED** that Plaintiff/ Counter Defendant Navajo Health Foundation-Sage Memorial Hospital Incorporated's Motion for Reconsideration (Doc. 305) is **DENIED**.

   Dated this 2nd day of January, 2024.

   _____
   Honorable Diane J. Humetewa
   United States District Judge