**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Navajo Health Foundation-Sage Memorial Hospital Incorporated,

Plaintiff,

v.

Razaghi Development Company LLC, et al.,

Defendants.

No. CV-23-08072-PCT-DJH

**ORDER**

On November 6, 2026, Defendant Ahmad Razaghi ("Mr. Razaghi") filed a Motion to Reset the Final Pretrial Conference (Doc. 523) currently scheduled for December 17, 2026, to March 2027.[1] Mr. Razaghi says he "suffers from debilitating, documented medical conditions beyond his control that substantially impair his ability to communicate with counsel and meaningfully participate or assist in preparing his defense at this time." (*Id.* at 2). The Court found that Mr. Razaghi had not shown good cause for another continuance on the record before it, but allowed Razaghi to supplement his Motion for an *in camera* review of (1) an *ex parte* affidavit from counsel that identified those facts he believes he has insufficient knowledge about to prepare the proposed final pretrial order or motions in limine and/or responses and how Mr. Razaghi's condition has rendered him unable to obtain this information in a timely manner; and (2) medical documentation

[1] Defendant Tausif Hasan ("Mr. Hasan") and the Trustee for Defendant Razaghi Development Company, LLC ("RDC") do not oppose the requested extension. (*Id.* at 7; *see also* Doc. 524 (RDC's Joinder)).

supporting Mr. Razaghi's condition, including its diagnosis, treatment schedule, and prognosis. (Doc. 525). Plaintiff did so. (Doc. 527). Plaintiff Navajo Health Foundation-Sage Memorial Hospital Inc. ("Sage") opposes the requested continuance (Doc. 528) and Mr. Razaghi has replied to positions Sage takes in its Response (Doc. 529).

Upon review of the briefing, and the materials submitted for the Court's *in camera* review, the Court maintains that Mr. Razaghi has failed to establish good cause to continue the Final Pretrial Conference a fifth time. His Motion will be denied.[2] The Final Pretrial Conference ("FPTC") set for December 17, 2026, and its attendant deadlines are affirmed.

## I. Discussion

A scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The inquiry "primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "In evaluating diligence for the purposes of Rule 16(b), courts generally consider both when the relevant facts were learned *and* whether the moving party was diligent in seeking discovery of those facts." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 654 (N. E. Cal. Jan. 27, 2025). Courts also consider possible prejudice to the party opposing the modification. *Id.*

The record before the Court does not establish that Mr. Razaghi has been unable to communicate with his counsel to prepare for the FPTC due to a medical condition or otherwise. On August 6, 2026, Trustee and Mr. Razaghi moved to continue the Court's fourth setting of the Final Pretrial Conference. (*See* Docs. 506, 511). The Court held a hearing on the Motion on August 18 and agreed to reset the Conference to December 17, 2026. (Doc. 514). Neither Mr. Razaghi nor his attorneys objected to this date or raised concerns about Mr. Razaghi's ability to communicate with his attorneys at the hearing or in the weeks thereafter. Indeed, following the Court's direction to meet and confer

[2] Because the Motion is denied, the Court will not entertain Sage's request to order Razaghi to provide Sage "information (not communications) about the facts of his medical condition, diagnosis, prognosis, and treatment schedule (under any protective terms the Court deems appropriate)" and permit Sage an opportunity to respond to that information. (Doc. 528 at 14). And indeed, Sage has stated it has no objection to the information remaining private if the Motion is denied. (*Id.*)

regarding spring 2027 trial dates, the parties, on September 9, 2026, filed a joint notice of their availability and asked the Court to "set trial to begin on April 6, 2027, or as soon thereafter in the month of April as the Court's calendar permits." (Doc. 516 at 2). The Court did so. (Doc. 518). Again, neither Mr. Razaghi nor his counsel apprised the Court of any purported inability to communicate with his counsel at this time or in the weeks thereafter. He again failed to raise any communication issue with the Court on October 16, when Sage says Mr. Razaghi refused to stipulate to extend the parties' motion in limine deadline because he was going to ask for a 90-day continuance instead.

Sage also points out that in the period between July 21, 2026, and October 26, 2026, Mr. Razaghi has been conferring with his other counsel and otherwise capable of attending to other court matters. (Doc. 528 at 8–10). Sage notes that in July 2026 Mr. Razaghi helped his bankruptcy and family law attorney prepare a detailed and verified response to Sage's motion to intervene in his dissolution matter, and on October 26, Mr. Razaghi appeared in person and consulted with his attorney at a hearing on Sage's motion.[3] Indeed, the Court's own *in camera* review of the materials submitted indicates that the medical conditions that have purportedly inhibited Mr. Razaghi from communicating with his counsel have only arisen recently and in contemplation of this upcoming trial and attendant deadlines. The occurrence of stress related to lengthy litigation, however, is not an anomaly specific to Mr. Razaghi. Though the record supports that he is seeking the assistance he needs to address his recent medical conditions, nothing in the record before the Court supports that he is or has been debilitated to the extent that he cannot make himself available to counsel in preparing for December's FPTC or the April 2027 trial date.

The Court also finds that another continuance would significantly prejudice Sage and this Court. This matter has been significantly delayed, among other things, by Defendant RDC's bankruptcy filing, and has required all parties and the Court to repeatedly

[3] In his Reply, Razaghi says "that the hearing in question was not evidentiary" and was "purely an oral argument on legal issues presented by Mr. Razaghi's counsel, Isaac Gabriel." The Court finds the suggestion that client communications were unnecessary to Mr. Gabriel's preparation disingenuous. Mr. Razaghi's own characterization of the October 26 hearing is that it was "part of scorched earth proceedings by Sage in which Plaintiff is attempting to reopen Mr. Razaghi's final marital dissolution decree. . ."

reassess availability and resources. The time has come for this 2019 matter to be put to rest. The Court is satisfied that Mr. Razaghi and his counsel are fully ingrained in the established record and capable of preparing for the December FPTC. Mr. Razaghi's firm initially defended all Defendants in this lawsuit and his attorneys have filed multiple pleadings and motions on behalf of Mr. Razaghi in this and other cases related to the factual and legal issues to be tried.[4] Finally, but not insignificantly, the Court must evaluate its own use of judicial resources and limited calendar availability. It has already reset trials and hearings to accommodate the parties' current FPTC and Jury Trial.

Having failed to establish good cause to continue the December 17, 2026, Final Pretrial Conference,

**IT IS ORDERED denying** Mr. Razaghi's Motion (Doc. 523). The December 17, 2026, Final Pretrial Conference and its attendance deadlines are **affirmed**.

Dated this 16th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge

[4] Indeed, like Sage's pleadings, Mr. Razaghi's Answer and First Amended Third-Party Claims and Counterclaims is extremely detailed, with over 20 pages of factual allegations (Doc. 92 at 36–57) and over 150 pages of exhibits (Doc. 92-1 and 92-2).